# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZD, a minor, by her parent<br>And natural guardian Shanae Bridgeford<br><br>Plaintiffs,<br><br>v.<br><br>Chester Community Charter School<br>302 E. 5th Street<br>Chester, PA 19013<br><br>Defendant. | : CIVIL ACTION No._____<br>:<br>:<br>:<br>:<br>:<br>: **ELECTRONICALLY FILED**<br>:<br>:<br>:<br>:<br>:<br>:<br>: **COMPLAINT IN CIVIL ACTION**<br>:<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>: |

Counsel of Record for this Party:
Jared S. Zafran, Esquire
ID 208269
A.J. Thomson, Esquire
ID 87844
Law Office of Jared S. Zafran, LLC
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
215-587-0038
jared@zafranlaw.com
ajthomson@zafranlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZD, a minor, by her parent And natural guardian Shanae Bridgeford | : CIVIL ACTION No._____ : : : |
| Plaintiffs, | : : **ELECTRONICALLY FILED** |
| v. | : : |
| Chester Community Charter School 302 E. 5th Street Chester, PA 19013 | : : : : : |
| Defendant. | : **COMPLAINT IN CIVIL ACTION** : : : : |
| _____: | : **JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

AND NOW, come, Plaintiff, by and through her attorneys, Law Office of Jared S. Zafran, LLC, files this Complaint in Civil Action against the CHESTER COMMUNITY CHARTER SCHOOL Defendant, and in support thereof avers as follows:

### JURISDICTION AND VENUE

1. This action arises in part under Title IX of the Education Amendments Act of 1972 (20 U.S.C. § 1681 *et seq*.) and Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq*.).

2. Jurisdiction is conferred on the Court by 28 U.S.C. §1331.

3. Venue in this District is proper under 28 U.S. C. §1391(a).

## PARTIES

4. The Plaintiff, ZD, daughter of Shanae Bridgeford, was a student at Chester Community Charter School High School during the 2022-2023 school year. She resides with her parents in Brookhaven, PA 19015. Plaintiffs can be reached by and through counsel at the Law Office of Jared S. Zafran, LLC at 1500 Walnut Street, Suite 500 Philadelphia, PA 19102.

5. The Defendant is Chester Community Charter School (hereinafter, "CCCS"), a public charter school organized in the Commonwealth of Pennsylvania with an address of.

## FACTUAL BACKGROUND

6. Plaintiff, an African-American female, began her kindergarten school year at CCCS in August 2022.

7. On October 5, 2022, Plaintiff was harassed by a boy in her class during the month of September and early October 2022. The harassment included the boy slapping her on her buttocks in the class room.

8. Plaintiff's teacher claimed not to have seen the incident when told about it, despite Plaintiff reporting the incident to her. CCCS made no effort to contact Plaintiff's mother or separate the boy from Plaintiff in class or outside of class.

9. On or about October 6, 2022, Plaintiff asked the teacher to use the restroom and was granted permission.

10. Plaintiff made her way to the girls restroom, but the teacher did not use the walkie-talkie communication device to alert the security guard that Plaintiff would be using the restroom.

11. While Plaintiff was in the restroom, the room was unguarded.

12. The same boy who smacked Plaintiff's buttocks on October 5, 2022 left his classroom and made his way to the girls bathroom that Plaintiff was using.

13. While Plaintiff was in the bathroom, the boy turned the lights out to the room, pulled Plaintiff's pants down and smacked her on the buttocks and saw Plaintiff's genital and buttocks areas.

14. Upon information and belief, the boy who assaulted Plaintiff in the restroom simply left his classroom without permission, and the teacher did not alert anyone to his unexcused departure from his classroom.

15. Upon information and belief, CCCS had captured the movement of both students to and from the restroom on camera.

16. Plaintiff reported the incident to her teacher, who did not inform Plaintiff's mother of the assault.

17. After learning of the incidents from her daughter, Plaintiff's mother confronted the administration at CCCS.

18. CCCS made no efforts to address the incident and expected Plaintiff to continue in class and at school with the boy after this assault.

19. Plaintiff was not offered any counseling or other services by the school.

20. CCCS made no effort to investigate the incident and the response by the teacher or security in allowing this incident to happen.

21. Plaintiff has had nightmares, anxiety, fear, depression and other emotional and psychological symptoms since the incident on October 6, 2022.

22. Plaintiff's mother has sought treatment for Plaintiff since the incident.

23. Plaintiff has suffered a decreased interest in school and has expressed fear of school since the incident.

24. As a result of the failures of the school and the emotional and psychological toll of the incident and repeated exposure to the boy who assaulted Plaintiff, Plaintiff's mother enrolled Plaintiff in a different school.

25. Plaintiff continues to suffer from emotional and psychological injuries from the assault.

26. Plaintiff's mother made multiple attempts to resolve the complaints with CCCS, but has been met with indifference, at best, from the officials charged with providing their child with a proper education free from harassment based on her sex.

27. Plaintiff continues to have lasting psychological trauma related to the harassment, assault and intimidation she suffered at the hands of the young boy and others who have mocked her after the incident.

28. Prior to the actions of the boy. and the inaction, indifference, and, later, outright refusal to act on the part of CCCS staff, Plaintiff has been made to feel that she should forfeit her academic and social life at school and leave the school community. This tragedy is a direct result of the administrators at CCCS.

## COUNT ONE

**Hostile Educational Environment Under Title IX of the Education Amendments Act of 1972 (20 U.S.C. § 1681 et seq.)**

29. Plaintiffs hereby incorporate the previous paragraphs by reference as if fully set forth herein.

30. The Defendant CCCS is a public charter school district that receives Federal funding. CCCS is responsible for the acts of the employees of the school.

73. CCCS is charged by Federal law with ensuring that pupils receive an education free from discrimination on the basis of sex.

32. CCCS experienced such discrimination in the form of physical and verbal sexual harassment from her peers, which caused her severe mental anguish.

33. The conduct of the boy that assaulted her twice and the later treatment of Plaintiff by staff constituted intentional sexual harassment.

34. The sexual harassment occurred in circumstances under which CCCS exercised substantial control over both the harasser and the context in which the harassment occurred. As described more fully throughout this Complaint, the Defendant, CCCS,

instead affirmatively encouraged, supported and/or condoned the unlawful harassment by

      a) failing to investigate numerous reported incidents of harassment of Plaintiff

      b) failing to report the assault of Plaintiff to authorities as required by law;

      c)  failing to investigate the assault;

      d) intentionally or negligently placing Plaintiff in direct presence of her attacker and harasser in class and outside of class after the incidents;

      e) failing to meet with the Plaintiff's mother discuss a safety plan after the reports of the assaults;

      f) Intentionally protecting  the boy who assaulted her at the Plaintiff's expense by minimizing and ignoring the sexual harassment and other bullying and otherwise failing to meet their legal obligation to take prompt and effective steps reasonably calculated to end the harassment, eliminate any hostile environment and its effects, and prevent the harassment from recurring;

      h) Intentionally choosing to allow the bullying and harassment to continue unabated without adequately training the CCCS staff to take steps to stop it.;

      i) Failure to have or follow any Title IX policies and procedures after the report of the assault in which Plaintiff was assaulted on two occasions;

      k) Intentionally minimizing Plaintiff's experience so as to place the boy who assaulted her in a position of power over her during subsequent interactions at school;

      35.    CCCS exercised substantial control over the sexual harassment of Plaintiffs because at all relevant times the sexual harassment, intimidation and the physical assaults occurred within the school setting.

36. CCCS had actual knowledge of the sexual harassment of Plaintiffs which is evidenced by Plaintiff's teacher being told of the assault on October 5, 2022.

37. At all relevant times, Defendant had knowledge of the sexual harassment of Plaintiff due to Plaintiff telling her teacher about it a day before the subsequent sexual assault in the girls bathroom.

38. By failing to adequately remedy the continuous and pervasive sexual harassment suffered by Plaintiff throughout the 2022-2023 school year, Defendant's actions amounted to deliberate indifference.

39. As a result of the sustained, pervasive and severe sexual harassment by students of CCCS, Plaintiff was and is deprived and continues to be deprived of access to the educational opportunities and benefits provided by the school.

40. As a result of the sexual harassment and assault Plaintiff felt extreme anxiety and desperation while at school and experienced severe and pervasive physical and emotional distress.

41. At all times, Defendant CCCS through the general knowledge and awareness of Defendant's administrators and employees, knew or should have known that Plaintiff was being sexually harassed, but failed to take any effective action to ameliorate the problem.

42. As a result of the aforementioned sexual harassment, Plaintiff suffered a significant decrease in the quality of her grades, suffered and continues to suffer extreme emotional distress, anxiety, and was unable and will be unable in the future to fully take advantage of the educational opportunities available to her.

43. As described more fully throughout this Complaint, and at all relevant times, this sex-based bullying and harassment created a hostile environment for Plaintiff, because it

was sufficiently severe, pervasive, and objectively offensive so as to interfere with or limit Plaintiff's ability to participate in or benefit from the services, activities, or opportunities offered by Defendant CCCS.

WHEREFOR, Plaintiff prays this Honorable Court grant Plaintiff money damages in an amount that adequately compensates her for damages, attorneys' fees, costs, and other damages established by Plaintiff that are related to Defendant's illegal acts.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial pursuant to the United States Constitution and Federal Rule of Civil Procedure 38.

Respectfully submitted,

*Jared S. Zafran, Esq.*

Jared S. Zafran, Esquire
ID 208269
A.J. Thomson, Esquire
ID 87844
Law Office of Jared S. Zafran, LLC
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
215-587-0038

DATE:_

CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

*Jared S. Zafran, Esq.*

Jared S. Zafran, Esquire
ID 208269
Law Office of Jared S. Zafran, LLC
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
215-587-0038

DATE: DECEMBER 14, 2022

## **VERIFICATION**

I, Shanae Bridgeford, mother of minor ZD, the Plaintiff in this action, hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsifications to authorities.

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**

_____
ID tnTJmEt8ckf6ArRTrfU3KTja

**SHANAE BRIDGEFORD**

## eSignature Details

**Signer ID:**          **tnTJmEt8ckf6ArRTrfU3KTja**
Signed by:              Ava Richardson
Sent to email:          shanae.bridgeford@yahoo.com
IP Address:             68.83.141.169
Signed at:              Dec 15 2022, 6:14 pm EST