IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZD, A MINOR, BY HER PARENT AND NATURAL GUARDIAN, SHANAE BRIDGEFORD<br><br>Plaintiff,<br><br>v.<br><br>CHESTER COMMUNITY CHARTER SCHOOL<br><br>Defendant. | CIVIL ACTION<br><br>NO. 2:22-cv-05082 |

## **ORDER**

AND NOW, this _____ day of _____, 2023, upon consideration of the Motion for Judgment on the Pleadings of Defendant, Chester Community Charter School, and any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. It is further ORDERED and DECREED that Plaintiff's claims under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq.*), are hereby dismissed, with prejudice.

**BY THE COURT:**

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZD, A MINOR, BY HER PARENT AND NATURAL GUARDIAN, SHANAE BRIDGEFORD<br><br>Plaintiffs,<br><br>v.<br><br>CHESTER COMMUNITY CHARTER SCHOOL<br><br>Defendant. | CIVIL ACTION<br><br>NO. 2:22-cv-05082 |

**MOTION OF DEFENDANT, CHESTER COMMUNITY CHARTER SCHOOL, FOR JUDGMENT ON THE PLEADINGS**

Defendant, Chester Community Charter School, (hereinafter referred to as "Defendant"), by and through its undersigned attorneys, hereby submits the following Motion for Judgment on the Pleadings, and in support thereof, avers as follows:

**I.      STATEMENT OF UNDISPUTED FACTS AS SET FORTH IN THE PLEADINGS**

1. This matter was initiated by the filing of Plaintiff's Complaint on or about December 21, 2022. See Exhibit "A."

2. Plaintiff's action arise in part under Title IX of the Education Amendment Act of 1972 (20 U.S.C. § 1681 *et seq.*) and Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq.*). Id. at ¶ 1.

3. Plaintiff alleges that on or about October 5, 2022, she was harassed by a boy in her class during the month of September and early October 2022. The harassment included two instances: 1) the boy slapped Plaintiff on her buttocks in the classroom, and 2) the boy pulled down plaintiff's pants in the school restroom and smacker her on the buttocks. Id. at ¶¶ 7, 13.

- 2 –

4. Plaintiff alleges "as a result of the failures of the school and the emotional and psychological toll of the incident and repeated exposure to the boy who assaulted Plaintiff, Plaintiff's mother enrolled Plaintiff in a different school. Id. at ¶ 24.

5. Count I of Plaintiff's Complaint asserts a claim for "Hostile Education Environment Under Title IX of the Education Amendments Act of 1972 (20 U.S.C. § 1681 et seq.). See Id. at Count I.

6. Plaintiff does not, however, assert any claims under Title VI of the Civil Rights Act of 1964 (hereinafter "Title VI"), despite alleging that Plaintiff's claims arise, in part, under said statute. Id. at ¶ 1.

7. In her Complaint, Plaintiff prays for "money damages in an amount that adequately compensates her for damages, attorney's fees, costs and other damages established by Plaintiff that are related to Defendant's illegal acts." See Exhibit "A" at p. 9.

## II.    APPLICABLE STANDARD

8. Defendant incorporates by reference all preceding paragraphs as if set forth herein at length.

9. Rule 12(c) of the Federal Rules of Civil Procedure provides as follows:

> (c)    Motion for Judgment on the Pleadings
>
> After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.

*Fed. R. Civ. P. 12(c).*

10. A Rule 12(c) motion may be granted "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Treesdale, Inc. v. TIG Ins. Co.,* 681 F. Supp. 2d 611, 615 (W.D. Pa. 2009).

11. Where a motion for judgment on the pleadings requires assessment of the merits, the court uses the same standard as it would in considering a motion for summary judgment. *Id.* Thus, the movant is entitled to judgment if it can establish that: "1) there are no material issues of fact; and 2) it is entitled to judgment as a matter of law." *Id.* citing *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008). See also; *Johnson v. Martinez*, 2006 U.S. Dist. LEXIS 2431, *5 (E.D. Pa. 2006).

12. When responding to a motion for judgment on the pleadings, the non-moving party must do more than assert "bald assertions" or "legal conclusions." *Johnson*, 2006 U.S. Dist. LEXIS 2431. At *6.

### III. LEGAL ARGUMENT

13. Defendant incorporates by reference all preceding paragraphs as if set forth herein at length.

14. Title VI, as amended, provides that no person shall, "on the ground of race, color or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity' covered by Title VI, 42 U.S.C. § 2000d. See *42 U.S.C. § 2000d et seq.;* see also *Alexander v. Sandoval*, 532 U.S. 275, 121 S.Ct. 1511 (2001); *Blunt v. Lower Merion School District*, 767 F.3d 247, 309 Ed. Law Rep. 29 (2014).

15. Plaintiff has failed to assert any facts whatsoever to support a claim under Title VI, i.e. that she was discriminated against on the basis of her race, color or national origin. See Exhibit "A."

16. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief.

17.      This statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

18.      A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Id.* at 1964-65.

19.      The pleadings in this matter are closed. Defendant has filed an Answer to Plaintiff's Complaint. See Exhibit "B."

20.      As such, the within Motion is timely and appropriate.

21.      Plaintiff's Complaint is completely devoid of a single fact to support her claims under Title VI. See Exhibit "A."

22.      Any claims asserted by Plaintiff under Title VI must be dismissed as Plaintiff has not set forth a cause of action under said statute, nor alleged any facts to support a finding of liability against Defendant under said statute. See Exhibit "A."

23.      For these reasons, it is respectfully requested that this Honorable Court grant the within Motion for Judgment on the Pleadings based upon demurrer for Plaintiff's failure to set forth a cause of action under Title VI, upon which relief can be granted against Defendant.

WHEREFORE, Defendant, Chester Community Charter School, respectfully requests that this Honorable Court grant its Motion for Judgment on the Pleadings, and dismiss Plaintiff's claims

- 5 –

under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq.*) for failure to state a claim upon which relief can be granted.

                                                Respectfully submitted,

                                                */s/ Penelope Cilluffo*
                                                Joseph McHale, Esquire
                                                Penelope Cilluffo, Esquire
                                                Attorney I.D. No. 65706/87974
                                                STRADLEY RONON STEVENS & YOUNG, LLP
                                                30 Valley Stream Parkway
                                                Malvern, PA  19355
                                                *Attorneys for Defendant, Chester Community Charter School*

Dated:  May 23, 2023

## **VERIFICATION**

    I, PENELOPE CILLUFFO, hereby state that I am the attorney for Defendant, Chester Community Charter School, and I am authorized to make this Verification on its behalf; I hereby state that the facts set forth in the foregoing Motion for Judgment on the Pleadings and supporting Memorandum of Law thereof, are true and correct to the best of my knowledge, information and belief based upon information I know and/or made available to me.

    I understand that the statements made herein are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsifications to authorities.


Dated: <u>May 23, 2023</u>　　　　　　　　　　　　<u>/s/ Penelope Cilluffo　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　Penelope Cilluffo, Esquire

6120582v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZD, A MINOR, BY HER PARENT AND NATURAL GUARDIAN, SHANAE BRIDGEFORD<br><br>Plaintiffs,<br><br>v.<br><br>CHESTER COMMUNITY CHARTER SCHOOL<br><br>Defendant. | CIVIL ACTION<br><br>NO. 2:22-cv-05082 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT, CHESTER COMMUNITY CHARTER SCHOOL, FOR JUDGMENT ON THE PLEADINGS**

Defendant, Chester Community Charter School, by and through its undersigned attorneys, hereby incorporates its Motion for Judgment on the Pleadings, as if set forth herein at length.

WHEREFORE, Defendant, Chester Community Charter School, respectfully requests that this Honorable Court grant its Motion for Judgment on the Pleadings, and dismiss Plaintiff's claims under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq.*) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Penelope Cilluffo*
Joseph McHale, Esquire
Penelope Cilluffo, Esquire
Attorney I.D. No. 65706/87974
STRADLEY RONON STEVENS & YOUNG, LLP
30 Valley Stream Parkway
Malvern, PA  19355
*Attorneys for Defendant, Chester Community Charter School*

Dated: May 23, 2023

6120582v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZD, A MINOR, BY HER PARENT AND NATURAL GUARDIAN, SHANAE BRIDGEFORD<br><br>Plaintiffs,<br><br>v.<br><br>CHESTER COMMUNITY CHARTER SCHOOL<br><br>Defendant. | CIVIL ACTION<br><br>NO. 2:22-cv-05082 |

## CERTIFICATE OF SERVICE

I, Penelope Cilluffo, Esquire, hereby certify that a true and correct copy of Defendant's Motion for Judgment on the Pleadings was electronically filed through the Court's ECF system, with service attendant thereto, to:

Jared S. Zafran, Esquire
Law Office of Jared S. Zafran, LLC
1500 Walnut Street,
Suite 500
Philadelphia, PA 19102

Kalani Linnell, Esquire
Raffaele & Puppio, LLP
19 W. Third Street
Media, PA 19063

*/s/ Penelope Cilluffo*
Joseph McHale, Esquire
Penelope Cilluffo, Esquire
Attorney I.D. No. 65706/87974
STRADLEY RONON STEVENS & YOUNG, LLP
*Attorneys for Defendant*

Dated: May 23, 2023

6120582v.1