AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| ZD, A MINOR, BY HER PARENT AND NATURAL GUARDIAN SHANAE BRIDGEFORD<br>*Plaintiff(s)*<br>v.<br><br>CHESTER COMMUNITY CHARTER SCHOOL<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.  22-5082<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

CHESTER COMMUNITY CHARTER SCHOOL
302 EAST 5TH STREET
CHESTER, PA 19013

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
JARED SCOTT ZAFRAN
THE LAW OFFICE OF JARED S ZAFRAN LLC
1500 WALNUT ST SUITE 1207
PHILADELPHIA, PA 19102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____12/22/22_____                    s/Vincent J. Alia
                                            *Signature of Clerk or Deputy Clerk*

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.   22-5082

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZD, a minor, by her parent<br>And natural guardian Shanae Bridgeford<br><br>Plaintiffs,<br><br>v.<br><br>Chester Community Charter School<br>302 E. 5th Street<br>Chester, PA 19013<br><br>Defendant. | : CIVIL ACTION No._____<br>:<br>:<br>:<br>:<br>: **ELECTRONICALLY FILED**<br>:<br>:<br>:<br>:<br>:<br>:<br>: **COMPLAINT IN CIVIL ACTION**<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>: |

Counsel of Record for this Party:
Jared S. Zafran, Esquire
ID 208269
A.J. Thomson, Esquire
ID 87844
Law Office of Jared S. Zafran, LLC
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
215-587-0038
jared@zafranlaw.com
ajthomson@zafranlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZD, a minor, by her parent And natural guardian Shanae Bridgeford<br><br>Plaintiffs,<br><br>v.<br><br>Chester Community Charter School<br>302 E. 5th Street<br>Chester, PA 19013<br><br>Defendant. | : CIVIL ACTION No._____<br>:<br>:<br>:<br>:<br>: **ELECTRONICALLY FILED**<br>:<br>:<br>:<br>:<br>:<br>: **COMPLAINT IN CIVIL ACTION**<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>: |

## COMPLAINT IN CIVIL ACTION

AND NOW, come, Plaintiff, by and through her attorneys, Law Office of Jared S. Zafran, LLC, files this Complaint in Civil Action against the CHESTER COMMUNITY CHARTER SCHOOL Defendant, and in support thereof avers as follows:

### JURISDICTION AND VENUE

1. This action arises in part under Title IX of the Education Amendments Act of 1972 (20 U.S.C. § 1681 *et seq.*) and Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq.*).

2. Jurisdiction is conferred on the Court by 28 U.S.C. §1331.

3. Venue in this District is proper under 28 U.S. C. §1391(a).

**PARTIES**

4. The Plaintiff, ZD, daughter of Shanae Bridgeford, was a student at Chester Community Charter School High School during the 2022-2023 school year. She resides with her parents in Brookhaven, PA 19015. Plaintiffs can be reached by and through counsel at the Law Office of Jared S. Zafran, LLC at 1500 Walnut Street, Suite 500 Philadelphia, PA 19102.

5. The Defendant is Chester Community Charter School (hereinafter, "CCCS"), a public charter school organized in the Commonwealth of Pennsylvania with an address of.

**FACTUAL BACKGROUND**

6. Plaintiff, an African-American female, began her kindergarten school year at CCCS in August 2022.

7. On October 5, 2022, Plaintiff was harassed by a boy in her class during the month of September and early October 2022. The harassment included the boy slapping her on her buttocks in the class room.

8. Plaintiff's teacher claimed not to have seen the incident when told about it, despite Plaintiff reporting the incident to her. CCCS made no effort to contact Plaintiff's mother or separate the boy from Plaintiff in class or outside of class.

9. On or about October 6, 2022, Plaintiff asked the teacher to use the restroom and was granted permission.

10. Plaintiff made her way to the girls restroom, but the teacher did not use the walkie-talkie communication device to alert the security guard that Plaintiff would be using the restroom.

11. While Plaintiff was in the restroom, the room was unguarded.

12. The same boy who smacked Plaintiff's buttocks on October 5, 2022 left his classroom and made his way to the girls bathroom that Plaintiff was using.

13. While Plaintiff was in the bathroom, the boy turned the lights out to the room, pulled Plaintiff's pants down and smacked her on the buttocks and saw Plaintiff's genital and buttocks areas.

14. Upon information and belief, the boy who assaulted Plaintiff in the restroom simply left his classroom without permission, and the teacher did not alert anyone to his unexcused departure from his classroom.

15. Upon information and belief, CCCS had captured the movement of both students to and from the restroom on camera.

16. Plaintiff reported the incident to her teacher, who did not inform Plaintiff's mother of the assault.

17. After learning of the incidents from her daughter, Plaintiff's mother confronted the administration at CCCS.

18. CCCS made no efforts to address the incident and expected Plaintiff to continue in class and at school with the boy after this assault.

19. Plaintiff was not offered any counseling or other services by the school.

20. CCCS made no effort to investigate the incident and the response by the teacher or security in allowing this incident to happen.

21. Plaintiff has had nightmares, anxiety, fear, depression and other emotional and psychological symptoms since the incident on October 6, 2022.

22. Plaintiff's mother has sought treatment for Plaintiff since the incident.

23. Plaintiff has suffered a decreased interest in school and has expressed fear of school since the incident.

24. As a result of the failures of the school and the emotional and psychological toll of the incident and repeated exposure to the boy who assaulted Plaintiff, Plaintiff's mother enrolled Plaintiff in a different school.

25. Plaintiff continues to suffer from emotional and psychological injuries from the assault.

26. Plaintiff's mother made multiple attempts to resolve the complaints with CCCS, but has been met with indifference, at best, from the officials charged with providing their child with a proper education free from harassment based on her sex.

27. Plaintiff continues to have lasting psychological trauma related to the harassment, assault and intimidation she suffered at the hands of the young boy and others who have mocked her after the incident.

28. Prior to the actions of the boy. and the inaction, indifference, and, later, outright refusal to act on the part of CCCS staff, Plaintiff has been made to feel that she should forfeit her academic and social life at school and leave the school community. This tragedy is a direct result of the administrators at CCCS.

### COUNT ONE

### Hostile Educational Environment Under Title IX of the Education Amendments Act of 1972 (20 U.S.C. § 1681 et seq.)

29. Plaintiffs hereby incorporate the previous paragraphs by reference as if fully set forth herein.

30. The Defendant CCCS is a public charter school district that receives Federal funding. CCCS is responsible for the acts of the employees of the school.

73. CCCS is charged by Federal law with ensuring that pupils receive an education free from discrimination on the basis of sex.

32. CCCS experienced such discrimination in the form of physical and verbal sexual harassment from her peers, which caused her severe mental anguish.

33. The conduct of the boy that assaulted her twice and the later treatment of Plaintiff by staff constituted intentional sexual harassment.

34. The sexual harassment occurred in circumstances under which CCCS exercised substantial control over both the harasser and the context in which the harassment occurred. As described more fully throughout this Complaint, the Defendant, CCCS,

instead affirmatively encouraged, supported and/or condoned the unlawful harassment by

    a) failing to investigate numerous reported incidents of harassment of Plaintiff

    b) failing to report the assault of Plaintiff to authorities as required by law;

    c) failing to investigate the assault;

    d) intentionally or negligently placing Plaintiff in direct presence of her attacker and harasser in class and outside of class after the incidents;

    e) failing to meet with the Plaintiff's mother discuss a safety plan after the reports of the assaults;

    f) Intentionally protecting the boy who assaulted her at the Plaintiff's expense by minimizing and ignoring the sexual harassment and other bullying and otherwise failing to meet their legal obligation to take prompt and effective steps reasonably calculated to end the harassment, eliminate any hostile environment and its effects, and prevent the harassment from recurring;

    h) Intentionally choosing to allow the bullying and harassment to continue unabated without adequately training the CCCS staff to take steps to stop it.;

    i) Failure to have or follow any Title IX policies and procedures after the report of the assault in which Plaintiff was assaulted on two occasions;

    k) Intentionally minimizing Plaintiff's experience so as to place the boy who assaulted her in a position of power over her during subsequent interactions at school;

    35.    CCCS exercised substantial control over the sexual harassment of Plaintiffs because at all relevant times the sexual harassment, intimidation and the physical assaults occurred within the school setting.

36. CCCS had actual knowledge of the sexual harassment of Plaintiffs which is evidenced by Plaintiff's teacher being told of the assault on October 5, 2022.

37. At all relevant times, Defendant had knowledge of the sexual harassment of Plaintiff due to Plaintiff telling her teacher about it a day before the subsequent sexual assault in the girls bathroom.

38. By failing to adequately remedy the continuous and pervasive sexual harassment suffered by Plaintiff throughout the 2022-2023 school year, Defendant's actions amounted to deliberate indifference.

39. As a result of the sustained, pervasive and severe sexual harassment by students of CCCS, Plaintiff was and is deprived and continues to be deprived of access to the educational opportunities and benefits provided by the school.

40. As a result of the sexual harassment and assault Plaintiff felt extreme anxiety and desperation while at school and experienced severe and pervasive physical and emotional distress.

41. At all times, Defendant CCCS through the general knowledge and awareness of Defendant's administrators and employees, knew or should have known that Plaintiff was being sexually harassed, but failed to take any effective action to ameliorate the problem.

42. As a result of the aforementioned sexual harassment, Plaintiff suffered a significant decrease in the quality of her grades, suffered and continues to suffer extreme emotional distress, anxiety, and was unable and will be unable in the future to fully take advantage of the educational opportunities available to her.

43. As described more fully throughout this Complaint, and at all relevant times, this sex-based bullying and harassment created a hostile environment for Plaintiff, because it

was sufficiently severe, pervasive, and objectively offensive so as to interfere with or limit Plaintiff's ability to participate in or benefit from the services, activities, or opportunities offered by Defendant CCCS.

WHEREFOR, Plaintiff prays this Honorable Court grant Plaintiff money damages in an amount that adequately compensates her for damages, attorneys' fees, costs, and other damages established by Plaintiff that are related to Defendant's illegal acts.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial pursuant to the United States Constitution and Federal Rule of Civil Procedure 38.

Respectfully submitted,

*Jared S. Zafran, Esq.*

Jared S. Zafran, Esquire
ID 208269
A.J. Thomson, Esquire
ID 87844
Law Office of Jared S. Zafran, LLC
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
215-587-0038

DATE:_

CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

*Jared S. Zafran, Esq.*

Jared S. Zafran, Esquire
ID 208269
Law Office of Jared S. Zafran, LLC
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
215-587-0038

DATE: DECEMBER 14, 2022

## VERIFICATION

I, Shanae Bridgeford, mother of minor ZD, the Plaintiff in this action, hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsifications to authorities.

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**

*/s/ Shanae Bridgeford*
ID tnTJmEt8ckf6ArRTrfU3KTja

_____
SHANAE BRIDGEFORD

# eSignature Details

**Signer ID:** **tnTJmEt8ckf6ArRTrfU3KTja**
Signed by: Ava Richardson
Sent to email: shanae.bridgeford@yahoo.com
IP Address: 68.83.141.169
Signed at: Dec 15 2022, 6:14 pm EST

Case 2:22-cv-05082-GJP   Document 2   Filed 12/21/22   Page 1 of 1

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ZD, a minor, by her parent and natural guardian Shanae Bridgeford

**DEFENDANTS**
Chester Community Charter School

(b) County of Residence of First Listed Plaintiff   **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Jared S. Zafran, 1500 Walnut Street, Philadelphia, PA 19102 (215) 587-0038

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ |  | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  |  | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
|  |  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title IX and 42 USC 1983
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 12-21-22
SIGNATURE OF ATTORNEY OF RECORD: *Jared S. Zafran*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **c/o Jared S. Zafran, 1500 Walnut Street, Suite 500, Phila., PA 19102**

Address of Defendant: **302 E. 5th Street, Chester, PA 19013**

Place of Accident, Incident or Transaction: **302 E. 5th Street, Chester, PA 19103**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **12/21/2022**    *(signature)* Jared S. Zafran    **208269**
                          Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* **Title IX and 42 USC 1983**

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Jared S. Zafran, Esquire**, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **12/21/2022**    *(signature)* Jared S. Zafran    **208269**
                          Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# Incident Report



**CITY OF CHESTER POLICE DEPARTMENT**
**24TH DISTRICT**
**160 E 7TH ST**
**CHESTER, PA 19013**

Phone: (610)447-7931

| | | |
|---|---|---|
| Incident # **2022-29948** | Reference # **SCHOOL RESOURCE OFC** | Municipality **CHESTER CITY (301)** <br> Report Type **INCIDENT** <br> Location **215 E 5TH ST - CHESTER 19013** <br> Landmark |

| Criminal Code | Title : <br> Section : <br> Sub-Section : <br> Description : |
|---|---|

Premise **SCHOOL/COLLEGE**
Point of Entry
Meth. of Entry
Patrol Zone         Grid
Reported    **10/11/2022**   @ **09:00**   (Tues)
Discovered                    @
Last Secure                   @
Received    **09:00**     Dispatched **09:00**
Arrived     **09:00**     Cleared    **09:00**
Status      **CLOSED/CLEARED**
Disposition **CLOSED - NO FURTHER ACTION**
Clear Date  **10/11/2022**
Badge       **307 - OFF JOSE ALVAREZ**

| UCR Codes | 7010 | PUBLIC SERVICES-NOTIFICATIONS(POL.INFO.) |
|---|---|---|

---

| Investigating Officer | Signature | Date | Approving Officer | Signature | Date |
|---|---|---|---|---|---|

**CITY OF CHESTER POLICE DEPARTMENT**
Printed by: JOSE ALVAREZ  (10/11/2022 09:43:05 AM)

Page 1 of 2